IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEYENNE GRIMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 20-1367 |
| KILOLO KIJAKAZI,[1] Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 28th day of February, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[2] *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v.*

---

[1] Kilolo Kijakazi is substituted as the defendant in this matter, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

[2] Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request. Accordingly, the Court will award no costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

*Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[3]

---

[3] Plaintiff argues that the Administrative Law Judge ("ALJ") did not adequately support her findings in regard to Plaintiff's residual functional capacity ("RFC") because the ALJ did not account for all of Plaintiff's symptoms.  The Court disagrees and finds the ALJ's decision to be supported by the record.  Specifically, the Court finds that the ALJ adequately discussed the basis for her RFC findings and that her reasons are supported by substantial evidence.

RFC is defined as the most that an individual is still able to do despite the limitations caused by that individual's impairments.  *See Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001).  *See also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" *Id.* (quoting *Cotter*, 642 F.2d at 705).  *See also* SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Plaintiff here argues that the ALJ's RFC findings failed to meet these standards.  Plaintiff asserts, for example, that the ALJ failed adequately to explain why the RFC permitted Plaintiff to have "frequent" interaction with supervisors although the opinion of state psychological consultant Susan Turner, Psy.D. – an opinion which the ALJ found "very persuasive" (R. 24) – provided that Plaintiff had "moderate" limitations in this area.  However, as Defendant points out, there is nothing inherently inconsistent with the ALJ's findings and those of Dr. Turner.  The ALJ very thoroughly considered Dr. Turner's opinion in its entirety in determining Plaintiff's RFC, including Dr. Turner's statements that Plaintiff would not require special supervision to sustain a routine; was able to maintain socially appropriate behavior, ask simple questions, and accept instruction; and was able to get along with others.  (R. 24, 101-02).  Taking Dr. Turner's opinion as a whole, the Court agrees that a reference to moderate limitations in regard to Plaintiff's ability to accept instruction and respond appropriately to criticism from supervisors (which the ALJ did expressly acknowledge) did not render that opinion inconsistent with the RFC as found by the ALJ.  It is further important to note that the ALJ did not simply adopt Dr. Turner's opinion wholesale, but rather considered it in the context of all of the evidence, including the objective medical evidence, course of treatment, and Plaintiff's activities

of daily living, in determining the proper RFC. Consideration of such factors was patently appropriate and warranted. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

Plaintiff further argues that the RFC findings were inadequate because they did not account for restrictions caused by irritable bowel syndrome ("IBS"), asserting that while this condition may have been stable, Plaintiff was not symptom free. However, a plaintiff need not be entirely symptom free to be found not disabled under the Act. *See Andreolli v. Comm'r of Soc. Sec.*, No. 07-1632, 2008 WL 5210682, at *4 (W.D. Pa. Dec. 11, 2008) (citing *Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir. 1986)). The issue is not whether Plaintiff had been diagnosed with IBS or some other bowel-related condition, but what functional limitations the condition caused. *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006). Other than making some speculative statements that IBS may affect the amount of bathroom time needed or the ability to leave the house, Plaintiff does not indicate what specific additional functional limitations should have been included in the RFC. Indeed, the ALJ directly addressed this condition, noting that treatment was not ongoing, that the condition was stable, and that what treatment had been provided, including the prescription of Miralax and Dicyclomine, had led to improvement. The ALJ further observed that the record contained no evidence that IBS caused more than minimal limitations in Plaintiff's ability to work. (R. 18). Plaintiff points to nothing in the record that would shed doubt on this finding or that would establish any specific functional limitations.

Plaintiff argues as well that the ALJ's failure to find that the use of a cane should have been part of Plaintiff's RFC was in error. However, for the use of an assistive device to be included in the RFC, the record would have to show that the use was medically necessary as well as the circumstances under which the device was required. Here, at best, Plaintiff alleges the occasional use of a cane, but provides no evidence that such use was pursuant to a prescription or that any doctor had opined that the cane was medically necessary. In similar cases, courts have found no basis for including the use of an assistive device in a claimant's RFC. *See Drowell v. Berryhill*, Civ. No. 17-795, 2018 WL 3574890, at *2 (W.D. Pa. July 25, 2018) (citing *Houze v, Barnhart*, 53 Fed. Appx. 218 (2002)) (finding that the ALJ did not err in failing to account for claimant's use of a cane in crafting the RFC where there were multiple references to the fact that claimant used a cane but no evidence of its medical necessity); *Van Horn v. Saul*, 4:19-cv-414, 2019 WL 5444830, at *11 (M.D. Pa. Sept. 11, 2019). *Cf.* SSR 96-9p, 1996 WL 374185 (S.S.A.), at *7 (applying this same standard in regard to sedentary work). In any event, the ALJ discussed the evidence regarding Plaintiff's gait and mobility at some length and explained why she found that Plaintiff's gait and mobility limitations caused no more than minimal vocationally relevant limitations, citing to specific record evidence including objective medical evidence. (R. 18).

Plaintiff's remaining contentions essentially involve allegations that the ALJ did not account for certain specific symptoms caused by Plaintiff's multiple sclerosis ("MS") and mental health impairments, such as fatigue and disassociation. However, the ALJ clearly considered, discussed, and accounted for Plaintiff's MS and mental health conditions in formulating the RFC. In fact, the ALJ very specifically discussed how she factored these conditions into her findings. Other than by way of speculation, Plaintiff does not identify what additional functional limitations would be needed to account for specific symptoms such as disassociation and fatigue.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED as stated herein.

s/Alan N. Bloch<br>United States District Judge

ecf:        Counsel of record

---

The ALJ was aware of and acknowledged Plaintiff's reported lack of energy in the course of discussing the MS. (R. 22). The Court further notes that what evidence there may have been as to the effects of Plaintiff's fatigue and disassociation were based primarily on Plaintiff's own subjective complaints. While such claims were certainly relevant, the ALJ was not under an obligation to simply accept what she said without question. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). The record has a whole simply does not demonstrate any additional specific limitations that needed to be included in Plaintiff's RFC.

The Court emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). The ALJ adequately addressed the record evidence in formulating the RFC and finding that Plaintiff was not disabled. The Court will not disturb this finding.

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.